IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILDWOOD CAPITAL ASSETS, LLC; WILDWOOD DEVELOPMENT COMPANY, INC.; and ROSE PEARL, LTD., | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:12-CV-370-L** |
| DIVINA WESTERFIELD; TRADITIONS CAPITAL GROUP, LLC; EDWIN C. CLAXTON; ERIC C. CLAXTON; CLAXTON FAMILY TRUSTS; TRADITIONS GLOBAL INVESTMENTS; and CLAXTON GROUP, INC., | § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion for Default Judgment, filed October 31, 2012. Although the motion is pending, the court determines that Defendants have not established that this court has subject matter jurisdiction. Accordingly, the court **remands** this action to the 298th Judicial District Court, Dallas County, Texas.

**I. Background**

Wildwood Capital Assets, LLC ("Wildwood Capital"); Wildwood Development Company, Inc.; and Rose Pearl, Ltd. ("Rose Pearl") (collectively, "Plaintiffs") filed this action against Divina Westerfield ("Westerfield"); Traditions Capital Group LLC ("TCG"); Edwin C. Claxton; Eric C. Claxton; Claxton Family Trusts ("CFT"); Traditions Global Investments ("TGI"); and Claxton Group, Inc. ("CGI") in the 298th Judicial District Court, Dallas County,

**Memorandum Opinion and Order – Page 1**

Texas. Plaintiffs' Original Petition ("Petition") asserts causes of action for breach of contract, declaratory judgment, negligent misrepresentation, fraud, tortious interference with a contract, tortious interference with a prospective business relationship, economic duress, civil conspiracy, and violation of the Texas Deceptive Trade Practices Act. They seek compensatory damages, exemplary and punitive damages, prejudgment interest, postjudgment interest, attorney's fees, and costs of suit.

On February 3, 2012, Westerfield removed this action to federal court, contending that complete diversity of citizenship exists between the parties and that the amount in controversy ($11,000,000) exceeds $75,000, exclusive of interest and costs. While the amount in controversy exceeds $75,000, complete diversity of citizenship has not been established. As there is no federal question and the amount in controversy has been established, the court will focus its discussion solely on the question of diversity.

## II.     Jurisdictional Standard

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created

by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.").

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted). Such failure, however, is a procedural defect and may be cured by filing an amended notice. *Id.* n.4.

A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship'

and 'residency' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).

A partnership or unincorporated association's citizenship is determined by the citizenship of each of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). The citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). A corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). The citizenship of a trust is that of its trustees. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980) (citation omitted); *Mullins v. Testamerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009) (footnote omitted). The citizenship of a trustee who possesses "customary powers to hold, manage, and dispose of assets for the benefit of others" is determined by the citizenship of the trustee, not the trust beneficiaries. *Navarro Sav. Ass'n*, 446 U.S. at 464 (footnote omitted). Control of the assets held in the name of the trustee must be "real and substantial." *Id.* at 465.

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction;

**Memorandum Opinion and Order – Page 4**

if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

## III. Analysis

### A. Allegations Regarding Citizenship

The citizenship of the parties is set forth as follows in the Petition:

    2. Wildwood Capital Assets, LLC is a Texas limited liability company with a principal place of business at 1130 N. Westmoreland Rd., DeSoto, TX 75115.

    3. Wildwood Development Company, Inc. is a Texas Corporation with a principal place of business at 1130 N. Westmoreland Rd., DeSoto, TX 75115.

    4. Rose Pearl, Ltd. is a Texas limited partnership with a principal place of business at 1130 N. Westmoreland Rd., DeSoto, TX 75115.

    5. Westerfield is an individual residing in Sarasota County, Florida. She may be served at her residence located at 800 N Tamiami Trl Unit 101N, Sarasota, FL 34236.

    6. TGI is a Florida Limited Liability Corporation, with its principal place of business located at 5020 Clark Road, Suite 117, Sarasota, FL 34233. TCG may be served via its agents, Westerfield, in Florida, 800 N Tamiami Trl Unit 101N, Sarasota, FL and Traditions Capital Group, LLC, with its principal place of business located at 5020 Clark Road, Suite 117, Sarasota, FL 34233.

    7. TCG is a Florida Limited Liability Corporation, with its principal place of business located at 5020 Clark Road, Suite 117, Sarasota, FL 34233. TCG may be served via its agents, Westerfield, in Florida, 800 N Tamiami Trl Unit 101N, Sarasota, FL 34236 and Eric Claxton, in Georgia, 12 Westbury Dr. NW, Rome, GA 30165.

    8. Edwin Claxton is a resident of Georgia and believed to be the Chairman of TCG, CO and trustee of the Claxton Family Trusts. Eric Claxton may be served at the offices of CG, located at 3 Central Plaza, Suite 148, Rome GA 30161 and he may also be served at his residence, located at 12 Westbury Dr. NW, Rome, GA 30165.

> 9. Eric Claxton is a resident of Georgia and believed to be the Chief Executive Officer and Managing Member of TCG and CG. Eric Claxton maybe served at the offices of CG, located at 3 Central Plaza, Suite 148, Rome GA 30161 and at his residence located at 91 Blue Jack Rd., Statesboro, GA 30458.
>
> 10. CFT is a Georgia Trust with its principal place of business located at 3 Central Plaza, Suite 148, Rome GA 30161. CFT may be served at that address, via its agent, Eric C. Claxton, at 3 Central Plaza, Suite 148, Rome GA 30161.
>
> 11. CG is a Georgia Corporation with its principal place of business located at 3 Central Plaza, Suite 148, Rome GA 30161. CG may be served at that address, via its registered service agent, The Traditions Group Inc., at 3 Central Plaza, Suite 148, Rome GA 30161.

Pls.' Original Pet. ¶¶ 2-11. As will be shown, allegations regarding eight of the parties do not provide sufficient information for the court to determine their states of citizenship and to conclude that complete diversity exists between Plaintiffs and Defendants.

### B. Discussion

Wildwood Capital is a limited liability company, and allegations that its principal place of business is in Texas do nothing to establish the citizenship of all of its members; and its members are not listed. Rose Pearl is a limited partnership; however, the allegations do not provide the citizenship of each of its partners, and its partners are not listed. Westerfield resides in Florida; however, residence alone does not establish the citizenship of an individual. TGI is a limited liability corporation; however, no allegations set forth the citizenship of all of its members, and its members are not listed. TCG is a limited liability corporation, and no allegations set forth the names of its members and their respective citizenship.

With respect to Eric Claxton and Edwin Claxton, as individuals, the Petition refers to them as residents of Georgia, which is insufficient to establish citizenship. The Petition also sets out insufficient information as to CFT because the citizenship of its trustees is not provided.

As pointed out by the court, the allegations regarding the citizenship of each of the listed parties in the two preceding paragraphs are deficient in one or more ways. Jurisdictional allegations regarding the basis of diversity "must be alleged affirmatively and distinctly." *Getty*, 841 F.2d at 1259 (citation omitted). As the allegations regarding eight of the parties are deficient and do not clearly and affirmatively state the bases for diversity, they fail to establish jurisdiction for diversity purposes. As jurisdiction has not been established for diversity purposes, remand is required. *See Stafford*, 945 F.2d at 805.

## IV. Conclusion

For the reasons herein stated, Westerfield has not carried her burden and established that complete diversity exists between the parties and that this court therefore has subject matter jurisdiction over this action. Accordingly, the court, pursuant to 28 U.S.C. § 1447(c), *sua sponte* **remands** this action to the 298th Judicial District Court, Dallas County, Texas. The clerk of the court **shall remand** this action in accordance with the usual procedure. As the case is remanded, the court **declines** to rule on Plaintiffs' Motion for Default Judgment.

**It is so ordered** this 30th day of January, 2013.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge